1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10  NIFATEUS Y.B. on behalf of minor
    I.R.Y.B.,

11                          Plaintiff,

12          v.

13  COMMISSIONER OF SOCIAL
    SECURITY,

14                          Defendant.

CASE NO. 3:23-CV-6003-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

15

16          Plaintiff, a parent filing on behalf of minor I.R.Y.B., brought this action under 42 U.S.C.

17  § 405(g) seeking judicial review of Defendant's denial of I.R.Y.B.'s application for supplemental

18  security income benefits ("SSI") based on childhood disability.[1] After reviewing the record, the

19  Court concludes the Administrative Law Judge ("ALJ") erred in his evaluation of certain

20  medical opinion evidence. Had the ALJ properly considered the evidence, the ultimate

21  determination of disability might have changed. The ALJ's error is, therefore, not harmless, and

22  this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

23

24

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

1 Commissioner of Social Security ("Commissioner") for further proceedings consistent with this

2 order.

### I.       Factual and Procedural History

4          On February 13, 2020, Plaintiff protectively filed an application for SSI on behalf of her

5 child, I.R.Y.B. Dkt. 8, Administrative Record ("AR") 17, 184–93. I.R.Y.B. was born in 2011 and

6 was eight years old at the time of the filing. *See* AR 184. The application was denied initially and

7 on reconsideration. AR 57, 75. A hearing took place before an ALJ on July 25, 2022. AR 36–56.

8 The ALJ issued an unfavorable decision denying benefits, and the Appeals Council denied

9 Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

10 AR 1–6, 14–35. Plaintiff appealed to this Court. *See* Dkts. 1, 3.

### II.      Standard of Review

12          When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court

13 may set aside the denial of social security benefits if the ALJ's findings are based on legal error

14 or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211,

15 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial

16 evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

17 conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*,

18 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability

19 determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v.*

20 *Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

21          "[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*,

22 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

23 Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to

24

1   the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050,

2   1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

3   **III.    Discussion**

4           When considering a claim of childhood disability, the Commissioner engages in a three-

5   step sequential evaluation to determine: (1) whether the child is working; (2) whether the child

6   has a medically determinable "severe" impairment or combination of impairments; and (3)

7   whether the child's impairment or combination of impairments meets, medically equals, or

8   functionally equals the severity of a listed impairment. 20 C.F.R. § 416.924. To determine if a

9   medically determinable severe impairment or combination of impairments functionally equals a

10  listed impairment, the Commissioner evaluates the child's level of impairment in six domains of

11  functioning.  *Id.* § 416.926a(b)(1). A medically determinable impairment or combination of

12  impairments functionally equals a listed impairment if it results in "marked" limitations in two of

13  the domains or an "extreme" limitation in one domain. *Id.* § 416.926a(d).

14          Plaintiff contends the ALJ failed to properly evaluate the medical opinion evidence and

15  lay witness testimony in the record, leading to an erroneous determination that I.R.Y.B. had less

16  than a marked limitation or no limitation in each of the six domains of functioning. Dkt. 11 at 1.

17          A.  *Medical Opinion Evidence*

18          Plaintiff first argues the ALJ erred in evaluating the medical opinions of Kent Layton,

19  Psy.D., and David Widlan, Ph.D. [2]

20

21

22  _____

    [2] Defendant argues Dr. Widlan's evaluation did not constitute a medical opinion as defined by the revised
23  regulations because it did not adequately explain the degree of functional limitation resulting from the opined
    deficits or enumerate I.R.Y.B.'s restrictions in the six domains of functioning. Dkt. 13 at 6. Because the ALJ
24  analyzed Dr. Widlan's evaluation using the framework applicable to medical opinion evidence, the Court will
    review it as such.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

1       The regulations regarding the evaluation of medical opinion evidence have been amended

2   for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of

3   Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because I.R.Y.B.'s

4   application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c,

5   416.920c. Under the revised regulations, ALJs "will not defer or give any specific evidentiary

6   weight, including controlling weight, to any medical opinion(s) or prior administrative medical

7   finding(s). . . ." *Id.* §§ 404.1520c(a), 416.920c(a). Instead, ALJs must consider every medical

8   opinion or prior administrative medical finding in the record and evaluate the persuasiveness of

9   each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

10      The two most important factors affecting an ALJ's determination of persuasiveness are

11  the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a).

12  "Supportability means the extent to which a medical source supports the medical opinion by

13  explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–

14  92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1).

15  An opinion is more "supportable," and thus more persuasive, when the source provides more

16  relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R.

17  §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion

18  is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the

19  claim.'" *Woods*, 32 F.4th 785 at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. §

20  416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency

21  factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§

22  404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

### 1.  David Widlan, Ph.D.

Dr. David Widlan evaluated I.R.Y.B. on January 11, 2021, when she was nine years old. AR 356. His report was based on a clinical interview of I.R.Y.B. with Plaintiff present, including a mental status examination; social security forms completed by Plaintiff; and an individualized education program ("IEP") dated February 7, 2020. *Id.* Plaintiff provided an overview of I.R.Y.B.'s history and symptoms, including that I.R.Y.B. had been on medication since she was diagnosed with attention deficit hyperactivity disorder ("ADHD") at age four. *Id.* Dr. Widlan recorded Plaintiff's reports that I.R.Y.B. "can sometimes be defiant particularly when her medication wears off" and that she "has trouble when her medication wears off as she is prone to screaming." *Id.*

Dr. Widlan noted several significant findings in the mental status examination. AR 357–58. He found I.R.Y.B.'s behavior was "noteworthy," stating she "presented as quite chatty" and "tended to squirm and fidget during the evaluation." AR 357. He also noted I.R.Y.B. had difficulty providing information during the clinical interview due to distractibility. *Id.* She was able to remember only one object out of three after a five-minute lapse and was able to repeat three digits forward and two digits backward. *Id.* Dr. Widlan noted that I.R.Y.B. "struggled to make basic abstractions," was unable to name the president but could name a nearby country, successfully completed serial counting tasks, and was unable to spell "house" correctly forward or backward. AR 358.

Under the heading, "Adaptive Behavior/Activities of Daily Living," Dr. Widlan recounted Plaintiff's reports of tasks I.R.Y.B. could and could not accomplish independently. *Id.*

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

Regarding "Social Functioning," he noted she often argued with her brother and opined "she may have some social deficits." *Id.* Finally, under "Concentration, Persistence, and Pace," Dr. Widlan wrote that I.R.Y.B. "exhibited some concentration deficits that were evident during the [mental status examination] and particularly during the clinical interview. She likely takes longer than an average-functioning peer to complete [activities of daily living]. Per the mother she can concentrate to watch a movie and for approximately ten minutes on schoolwork." *Id.*

Dr. Widlan concluded:

> [I.R.Y.B.] suffers from Attention Deficit/Hyperactivity Disorder and a learning disability in reading. The Mental Status Examination indicated some deficits in memory, concentration, and social reasoning as well as adaptive deficits. She clearly has deficits in her ability to sustain attention and requires additional interventions when compared to even a below-average-functioning peer.

AR 359.

The ALJ found Dr. Widlan's opinion not persuasive, writing:

> This opinion is unsupported and inconsistent with the medical record. Notably, this opinion lacks an adequate function-by-function analysis for the purposes of Social Security disability evaluation. This opinion also fails to account for the improvement in the claimant's symptoms while on medication. It lacked the support of a longitudinal perspective, such as that which Dr. Layton had, and which showed the claimant demonstrated she was less limited than Dr. Widlan opined.

AR 26 (internal citations omitted).

First, substantial evidence does not support the ALJ's summary assessment of Dr. Widlan's opinion as "unsupported." Dr. Widlan explicitly stated the bases for his opinion: his interview of I.R.Y.B., social security forms completed by Plaintiff; and the 2020 IEP. The ALJ then wrote that the opinion lacked "an adequate function-by-function analysis." AR 26. Plaintiff concedes Dr. Widlan's opinion is somewhat vague but argues the ALJ ignored the opined limitations that were present in the evaluation. Dkt. 11 at 10. For example, Plaintiff argues Dr. Widlan's finding that I.R.Y.B. "clearly has deficits in her ability to sustain attention and requires

additional interventions when compared to even a below-average-functioning peer" shows "a marked functional limitation in attending and completing tasks." *Id.* (citing AR 359). In contrast, Defendant contends Plaintiff simply interprets the record differently and "the ALJ found the opinion not persuasive because of a lack of explanation." Dkt. 13 at 6–7.

Although it is true that Dr. Widlan's opinion does not contain explicit findings regarding I.R.Y.B.'s functional capabilities in each of the six domains, it does indicate significant limitations relevant to the functional domains. However, the ALJ's written decision does not sufficiently clarify his reasoning for dismissing the opinion. It is unclear from the decision whether the ALJ's objection stemmed from insufficient explanation of Dr. Widlan's conclusions, as Defendant contends, Dr. Widlan's failure to structure his conclusions to reflect the six domains of functioning, or something else entirely. Without any further explanation as to why the ALJ found the opinion inadequate, the Court cannot review the ALJ's reasoning on this point. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

The ALJ also summarily stated that Dr. Widlan's opinion was inconsistent with the medical record. AR 26. In finding that the opinion failed to account for I.R.Y.B.'s improvement in symptoms while on medication, the ALJ cited to school and medical records from 2022—the year after Dr. Widlan evaluated I.R.Y.B. *Id.* (citing AR 264, 266, 651). The ALJ did not identify any records from the time Dr. Widlan wrote his opinion showing improvement in I.R.Y.B.'s symptoms while on medication. Further, Dr. Widlan noted Plaintiff's reports that I.R.Y.B. had been on medication since she was diagnosed with ADHD and that she tended to experience behavioral changes when her medication "wears off." The ALJ did not identify any evidence that

I.R.Y.B. had not taken her medication before Dr. Widlan's evaluation or that Dr. Widlan was not aware of her medication use. This finding is not supported by substantial evidence.

Because the ALJ failed to properly consider this medical opinion evidence, the ALJ erred. Had the ALJ properly considered Dr. Widlan's opined limitations, the ultimate disability determination may have changed. Accordingly, the ALJ's error is not harmless and requires reversal.

### 2.   Kent Layton, Psy.D.

Plaintiff also argues the ALJ erred in his consideration of medical opinion evidence from Dr. Kent Layton. The Court concludes the ALJ committed harmful error in assessing Dr. Widlan's medical opinion evidence and must re-evaluate all the medical evidence on remand.

### B.   *Lay Witness Testimony*

Plaintiff further argues the ALJ erred in discounting the opinion of I.R.Y.B.'s teacher, Ms. Shimon. Dkt. 11 at 12. Under the revised regulations, ALJs are "not required to articulate" how they evaluate evidence from nonmedical sources using the same factors applicable to medical opinion evidence. 20 C.F.R. §§ 404.1520c(d), 416.920c(d)). The Ninth Circuit has not yet clarified whether an ALJ is still required to provide "germane reasons" for discounting lay witness testimony. *See Stephens v. Kijakazi*, No. 22-35998, 2023 WL 6937296, at *2 (9th Cir. Oct. 20, 2023). Other relevant regulations indicate that ALJs will consider evidence from nonmedical sources when evaluating a claim of disability. *See, e.g.*, 20 C.F.R. §§ 404.1529(c)(1), 404.1545(a)(3), 416.929(c)(1), 416.945(a)(3). And an ALJ may not reject "significant probative evidence" without explanation. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

1    The Court has directed the ALJ to reassess the medical opinion evidence on remand. As

2  Plaintiff may be able to present new evidence and testimony on remand, and because the ALJ's

3  reconsideration of the medical evidence may impact the assessment of the lay witness opinion,

4  the ALJ shall also reconsider the lay witness opinions on remand.

5  **IV.    Conclusion**

6    Based on the foregoing reasons, the Court hereby finds that the ALJ improperly

7  concluded I.R.Y.B. was not disabled. Accordingly, Defendant's decision to deny benefits is

8  reversed and this matter is remanded for further administrative proceedings in accordance with

9  the findings contained herein.

10    Dated this 17th day of June, 2024.

_____

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9